JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this judgment entry is not an opinion of the court under S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Debra Maupin appeals the grant of summary judgment in favor of defendants-appellees Rodney Griffin and Dufrann, Inc. Maupin claims that she agreed to purchase Griffin's dry-cleaning business as a result of fraudulent misrepresentations. The issue presented is whether Maupin produced evidence to establish a genuine issue of material fact to defeat a motion for summary judgment. We hold that she did in only one respect: whether Griffin and Dufrann defrauded Maupin concerning the sale of the name of the business. We accordingly reverse the entry of summary judgment in part.
After profitably running Rainbow Cleaners for a year, Griffin, as president of Dufrann, Inc., agreed to sell the business to Maupin. The contract stated that Griffin and Dufrann agreed to sell "all of the assets of Rainbow Cleaners." The agreement included assurances of the accuracy of Griffin's representations and an integration clause stating that the terms of the written contract were controlling and limited to those contained in the document itself.
Following the sale, Maupin discovered that the name "Rainbow Cleaners" was not included in the sale because Griffin had never owned the name. Consequently, she renamed the business "Ritz Cleaners." Maupin contended that Griffin had represented that the name was part of the sale.
Maupin also claimed that Griffin had represented that the cleaning business was self-sufficient. But according to Maupin, the business could not feasibly be operated independently. Additionally, Maupin contended that the profit-and-loss statements presented to her omitted repair and maintenance costs, and understated payroll costs. According to Maupin, the business failed because machines did not perform according to her expectations and profitability was severely restricted due to unforeseen operating expenses never revealed by Griffin. She further contended that she had to establish a reputation from scratch since the name "Rainbow Cleaners" was not transferred as she had assumed it would be.
Maupin sued Griffin and Dufrann, Inc., for the return of the purchase price because she had allegedly been defrauded. Griffin responded by presenting evidence and then moving for summary judgment. The trial court granted the motion. On appeal Maupin assigns one error: that the trial court erred in granting summary judgment without considering all of the extrinsic evidence supporting Maupin's fraud claims. We agree in part, that there was error, but not for any reason related to extrinsic evidence.
Summary judgment is appropriate where the trial court determines from the facts set forth in the pleadings and discovery that the moving party has established (1) the absence of a genuine issue of material fact; (2) an entitlement to judgment as a matter of law; and (3) that reasonable minds can reach but one conclusion that is adverse to the nonmoving party.[1] These determinations are made after viewing the facts in a light most favorable to the nonmoving party.[2] A challenge to a grant of summary judgment is reviewed on appeal de novo.[3]
This case is simple: the contract stated that Griffin and Dufrann were selling all the assets of Rainbow Cleaners. Even though the name "Rainbow Cleaners" was not specifically listed as an asset, it certainly was reasonable for Maupin to assume that "all of the assets of Rainbow Cleaners" included the name itself. But Griffin and Dufrann did not have the legal right to sell the name. It would have been a far better practice to include some discussion of the name of the business in the contract. But lack of business savvy should not necessarily exclude Maupin from the chance to pursue her case. The clause that stated that Maupin was buying "all of the assets of Rainbow Cleaners," standing alone, was sufficient to defeat the summary-judgment motion.
In their briefs, both sides have discussed the parol evidence rule at length. That rule poses three general questions: (1) are there consistent prior or contemporaneous written or oral agreements; (2) do these extrinsic agreements contradict the writing; and (3) is the integration partial or complete?[4]
The rule does not help Maupin with most of her fraud claims because she failed to point to any specific evidence that supported her claims. The only specific statements that she cited proved nothing. The first was a statement by a worker concerning how many shirts she had done in an hour — but it was not attributed to Griffin or Dufrann. And the second related to whether Maupin would eventually have been able to run the business from home. Maupin also pointed out what she referred to as inconsistencies in Griffin's deposition. But none of these inconsistencies, and none of the specific statements that Maupin remembered, created a genuine issue of material fact.
With regard to the name, however, one need only look at the face of the contract to see support for a claim of fraud: Griffin and Dufrann stated that they were selling "all of the assets," which would normally have included the name of the business, when they did not have the right to do so. The parol evidence rule does not even come into play in this issue.
While it is clear that Maupin did not do much due diligence before buying the business, she presented a genuine issue of material fact concerning whether Griffin and Dufrann committed fraud by purportedly selling Maupin the name "Rainbow Cleaners."
We therefore overrule Maupin's sole assignment of error as it relates to most of her claims. We sustain it only as it relates to alleged fraud in the sale of the name "Rainbow Cleaners." We reverse the entry of summary judgment in that respect and remand the case for further proceedings.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See Civ.R. 56(C); Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107, 662 N.E.2d 264.
[2] See Welco Industries, Inc. v. Applied Cos., 67 Ohio St.3d 344, 346,1993-Ohio-191, 617 N.E.2d 1129.
[3] See Hamilton Cty. Bd. of Commrs. v. Cincinnati,154 Ohio App.3d 504, 2003-Ohio-5089, 797 N.E.2d 1027, at ¶ 10.
[4] See Sheet Metal Workers Natl. Pension Fund v. Bryden House Ltd.Partnership (1998), 130 Ohio App.3d 132, 138, 719 N.E.2d 646.